Renard A. KOEHNEMANN, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 69 C 2312.

United States District Court,
N. D. Illinois, E. D.

Nov. 10, 1970.

Phil Harris, Chicago, Ill., for plaintiffs.

William J. Bauer, U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

WILL, District Judge.

This is a suit for refund of federal excise taxes and penalties allegedly overpaid for the first quarter of 1963. The United States has counterclaimed for certain additional federal excise taxes and penalties, together with statutory interest thereon which has been assessed, but remains uncollected, for the period 1959 to 1965. Both parties have submitted the cause for disposition on Cross Motions for Summary Judgment pursuant to Rule 56 of the Fed.R.Civ.P. Jurisdiction is present under 28 U.S.C. § 1346(a) (1).

Only two issues are now before the court for determination. The first is whether or not the sale of wedding bands bearing liturgical symbols is exempt from the federal excise tax imposed under Section 4001 of the Internal Revenue Code of 1954. The second is whether or not plaintiff is foreclosed from raising the argument that his failure to file excise tax returns was due to reasonable cause.

The relevant facts are as follows. Plaintiff is a jeweler by trade and became involved in the sale of religious books, medals and related items in 1946. From 1948 through 1966 plaintiff specialized in the design and manufacture of chalices, altar vessels and so-called liturgical wedding bands. It is uncontested that the wedding bands created by plaintiff were of original design and engraved with liturgical symbols of the sacrament of Christian marriage. Moreover, these bands were impressed with religious quotations and it is argued that the exemption of articles "used for religious purposes" is applicable because of these symbols and quotations.

During an audit of an individual who supplied materials to the plaintiff, the Internal Revenue Service (IRS) discovered that the plaintiff had never prepared or filed excise tax returns respecting his wedding bands sales. The IRS ascertained that the taxpayer owed excise taxes under Section 4001 of $6,480.-38 on his sales of wedding bands during the period 1959 to the second quarter of 1965, inclusive. That amount, plus interest thereon of $2,639.02 and penalties of $1,620.14 under Section 6651 of the Internal Revenue Code, was assessed against plaintiff on September 27, 1968. On October 29, 1968, plaintiff-taxpayer paid $73.79, which constituted satisfaction of the assessed tax, interest and penalty respecting the first quarter of 1963. Plaintiff initiated his refund claim in this Court on February 10, 1969.

The Commissioner of Internal Revenue authorized the assertion of a counterclaim in this proceeding in the amount of $8,069.42 plus interest. By virtue of certain sales estimates submitted by plaintiff, a revised excise tax deficiency, penalties and interest thereon was assessed. The parties have stipulated, therefore, that if this Court rules in plaintiff's favor on the motion for summary judgment, the proper amount of the judgment to be entered against defendant is $73.79 plus interest thereon from October 29, 1968, and if defendant prevails on all grounds, the proper amount of the judgment to be entered against plaintiff is $4,933.35 representing tax, and $1,249.74 representing penalty, plus interest.

The gravamen of plaintiff's lawsuit is that his sale of so-called liturgical wedding bands is exempt from the excise tax imposed under Section 4001 of the 1954 Internal Revenue Code.[1]   Defend-

---

1. Section 4001 was repealed by P.L. 89-44, 79 Stat. 136, effective June 22, 1965.

ant argues that such sales are not exempt.

Section 4001 of the Internal Revenue Code of 1954 (26 U.S.C.) provides in pertinent part as follows:

Sec. 4001  IMPOSITION OF TAX

There is hereby imposed upon the following articles sold at retail a tax equivalent to 10 percent of the price for which so sold:

All articles commonly or commercially known as jewelry, whether real or imitation.

\* \* \* \* \* \* .

Articles made of, or ornamented, mounted or fitted with precious metals or imitations thereof.

This section imposes an excise tax on the retail sale of all articles "commonly or commercially known as jewelry." See, also, Section 48.4001–2(a) of The Manufacturers and Retailers Excise Tax Regulations which provides in part:

\* \* \* jewelry in general includes articles designed to be worn on the person or on apparel for the purpose of adornment and which in accordance with custom or ordinary usage or worn so as to be displayed such as rings. \* \* \*

■ Section 4003 creates an exemption to the imposition of excise tax under Section 4001. Section 4003 provides as follows:

Sec. 4003  EXEMPTIONS

(a) Specific Articles.—The tax imposed by section 4001 shall not apply to any article used for religious purposes.

The appropriate treasury regulations further provide that an article to qualify under this section must be intended for use only for religious purposes. Any article in order to qualify under this section must be worn for a particular religious purpose and must be divorced from any purpose of personal adornment. Salvation Army v. United States, 138 F.Supp. 914, 918 (S.D.N.Y.1956);

See also, Rev.Rul. 61–120, 1961–1 Cum. Bull. 464.

Defendant contends that the so-called liturgical wedding bands, notwithstanding their original design and obvious religious symbolism, are not exempted under Section 4003(a) because such bands are articles commonly known as jewelry worn for purposes of personal adornment and in accordance with custom and usage are worn so as to be displayed.

Plaintiff adheres to the argument that these articles were in fact sold solely for religious purposes. He contends that these wedding bands were of original design and designed solely as a symbolic emblem of the marriage sacrament and are, as a matter of theological belief, indispensable to that ceremony. He further avers that the marriage ceremony and the use of his rings therein activates Section 4003 and entitles him to the exemption as the articles are used for "religious purposes."

Plaintiff's argument is based on the assumption that because the wedding band is a symbol of a promise, the wearing of that wedding band cannot properly constitute a purpose of personal adornment. "To the religious, the wedding band is worn as a symbol of the religious consecration of their marriage." Accordingly, plaintiff concludes that the Federal excise tax should not apply to the sale of his wedding bands.

■ The Revenue Statute, applicable regulations and the controlling case law make it quite clear that the phrase "for religious purposes" does not encompass every piece of jewelry which may have some religious significance. The leading case on this question is Salvation Army v. United States, *supra*, where the District Court held that the exemption from the excise tax on articles used for religious purposes applied only to jewelry sold by the Salvation Army to its officers and required to be worn on their uniforms. The District Court there ruled exempt only sales of insignia and identifying emblems on the ground that they were by their nature usable only

for religious purposes. The court rejected the contention that "religious purposes" was synonymous with devotional purposes. It stated:

It cannot be concluded that the exemption of items of jewelry "for religious purposes" would extend to such items of jewelry merely because they may have some religious significance. To be exempted from the impact of the tax, the jewelry must be worn for a particular religious purpose which must be divorced from any purpose of personal adornment.

■ Applying the rationale of the *Salvation Army* case to the instant case, we conclude that while the wedding rings may have a special relationship to a particular religious organization or church wherein the marriage sacrament is celebrated, they cannot qualify for exemption under Section 4003 because they are not the type of jewelry which can be deemed to be divorced from any purpose of personal adornment.

The crux of this case rests not with the use of the rings in the marriage ceremony, but rather with the continued wearing of the ring. Although these rings are apparently normally used in a religious ceremony and symbolize the marriage sacrament, they obviously are not free from all purposes of personal adornment. Wedding bands are customarily worn to signify that the wearer is married. This fact is true, whether the marriage was consummated in a civil or religious ceremony. There is no inherent religious significance to the wearing of a wedding band. Moreover, there is no evidence that even plaintiff's rings are worn only by persons married in a religious ceremony. Conversely, there is no evidence that plaintiff's rings are mandatory in any particular religious marriage ceremony.

In Rev. Rul. 61–120, *supra,* the Commissioner replied to a request for a ruling as to whether certain articles, intended to be worn on the person, were subject to excise tax. Among the articles in question were medallions, plain crosses, heart shaped lockets and round pendants with a prayer inscribed. The Revenue Ruling recognized that, while articles designed to be worn on the person frequently incorporate symbols or features of a religious significance, the presence of such symbols or features of religious significance did not negate the element of personal adornment. Thus, the Ruling granted exempt status only to those articles usually worn under the clothing and in accordance with practices prescribed by the wearer's church.

Generally speaking, exemption is denied to items which serve both ornamental and religious purposes to the wearer. The term "articles" in the statute applies to generic classifications, not to specific items which may or may not have religious significance to the individual who purchases them. Such articles as crucifixes, rosaries, chalices, etc., are therefore accorded a specific exemption in the regulations because they are of a class of "articles" which by their very nature are intended only for religious purposes. Wedding rings, obviously, cannot be so classified.

■ Alternatively, plaintiff contends that even if this Court rules against him, the 25 per cent penalty imposed by Section 6651 of the Internal Revenue Code should not apply since plaintiff's failure to file any federal excise tax return was "due to reasonable cause and not to willful neglect." Defendant's argument in support of its position on the penalty assessment under Section 6651 is two-pronged. Initially, defendant contends that plaintiff is foreclosed from raising the issue because he has a) failed to comply with the procedures requisite to raising the argument of "reasonable cause" and, b) has by stipulation foreclosed himself on this issue. With respect to paragraph 13 of that stipulation, defendant errs in its contention that plaintiff has foreclosed himself from contesting the validity of the penalty assessment. Paragraph 13 provides in effect that, if the defendant prevails on the motion for summary judgment, then the proper tax is the amount there-

in set forth. That stipulation in no way purports to be a waiver of the plaintiff's right to contest the validity of either the original excise tax itself or the penalty.

Defendant's assertion that plaintiff has failed to comply with the procedures requisite to raising the defense of "reasonable cause" is also unpersuasive. Section 6651 of the Internal Revenue Code of 1954 (26 U.S.C.) provides as follows:

§ 6651. Failure to file tax return

(a) *Addition to the tax.*—In case of failure to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), of subchapter A of chapter 51 (relating to distilled spirits, wines, and beer), or of subchapter A of chapter 52 (relating to tobacco, cigars, cigarettes, and cigarette papers and tubes), or of subchapter A of chapter 53 (relating to machine guns and certain other firearms), on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 per cent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.

However, Section 301.6651–1 of the Treasury Regulations on Procedure and Administration provides:

§ 301.6651–1 Failure to file tax return.

(a) Addition to the tax.

(3) *Showing of reasonable cause.* A taxpayer who wishes to avoid the addition to the tax for failure to file a tax return must make an affirmative showing of all facts alleged as a reasonable cause for his failure to file such return on time in the form of a written statement containing a declaration that it is made under penalties of perjury. Such statement should be filed with the district director with whom the return is required to be filed. If the district director or the director of the regional service center determines that the delinquency was due to reasonable cause, and not to willful neglect, the addition to the tax will not be assessed. If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to a reasonable cause.

█ In the instant case, plaintiff has complied substantially with the substantive requirement of reasonable cause although he did not file the written statement in the form prescribed by the regulations. He indicates in his complaint that as early as 1946, he was apprised by the Collector of Internal Revenue in Springfield, in response to his inquiry, that the excise tax did not apply to the sale of articles used for religious purposes. In addition, plaintiff has contended from the outset that he believed himself to be entitled to the statutory exemption because his rings were "articles used for religious purposes" within the meaning of the statute. Plaintiff's conduct in the instant case cannot fairly be construed to be a willful failure to file an excise tax return which would render him liable for tax penalties.

An appropriate order will enter granting summary judgment in the amount of $4,933.35, plus interest but without penalty.