BROTHERHOOD OF PAINTERS, DECO-
RATORS AND PAPERHANGERS OF
AMERICA, AFL–CIO LOCAL NO. 130,
Petitioner-Cross Respondent,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent-Cross
Petitioner.

No. 30346.

United States Court of Appeals,
Fifth Circuit,

Feb. 7, 1972.
Certiorari Denied May 30, 1972.
See 92 S.Ct. 2059.

Leslie Thacker, Houston, Tex., for pe-
titioner.

Marcel Mallet-Prevost, Asst. Gen.
Counsel, N. L. R. B., Washington, D. C.,
Clifford Potter, Director, N. L. R. B.,
Regional Director, Houston, Tex., Peter
G. Nash, General Counsel, Dominick L.
Manoli, Associate General Counsel,
Charles N. Steele, Herbert Fishgold,
Attys., N. L. R. B., for respondent.

ON PETITION FOR REHEARING
AND PETITION FOR REHEAR-
ING EN BANC, 5 Cir., 455 F.2d
607.

Before BELL, AINSWORTH and
GODBOLD, Circuit Judges.

PER CURIAM:

The Petition for Rehearing is denied
and the Court having been polled at the
request of one of the members of the
Court and a majority of the Circuit
Judges who are in regular active service
not having voted in favor of it, (Rule 35
Federal Rules of Appellate Procedure;
Local Fifth Circuit Rule 12) the Petition
for Rehearing En Banc is also denied.

1. The tax imposed by Section 4001 of the
Internal Revenue Code of 1954 was re-
pealed by P.L. 89–44, effective June 22,
1965.

Renard A. KOEHNEMANN, Plaintiff-
Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 71–1127.

United States Court of Appeals,
Seventh Circuit.

Feb. 24, 1972.

Paul V. Harris, Chicago, Ill., for plain-
tiff-appellant.

Johnnie M. Walters, Asst. Atty. Gen.,
Bruce I. Kogan, Atty., Tax Division, De-
partment of Justice, Washington, D. C.,
James R. Thompson, U. S. Atty., Chicago,
Ill., for defendant-appellee.

Before HASTINGS, Senior Circuit
Judge, and STEVENS and SPRECHER,
Circuit Judges.

PER CURIAM.

The issue raised by this appeal is
whether a wedding band bearing liturgi-
cal symbols was subject to the federal
excise tax imposed on articles "commonly
or commercially known as jewelry"[1] in
view of the exemption of articles "used
for religious purposes."[2]

We fully agree with the opinion of the
district court, reported as Koehnemann v.
United States, 322 F.Supp. 1200 (N.D.Ill.
1970), wherein the wedding band was
held to be subject to the excise tax, and
we adopt and incorporate that opinion in
its entirety.

The judgment of the district court is
affirmed.

2. Section 4003(a) of the Internal Revenue
Code of 1954.